**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-1673**

---

SOJOURNER-DOUGLASS COLLEGE,

        Plaintiff - Appellant,

    v.

MIDDLE STATES ASSOCIATION OF COLLEGES AND SCHOOLS, d/b/a Middle States Commission on Higher Education, A Pennsylvania Not-for Profit Corporation,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-01926-JFM)

---

Submitted: March 31, 2017                  Decided: April 13, 2017

---

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John H. Morris, Jr., Baltimore, Maryland, for Appellant. Timothy F. McCormack, Michelle M. McGeogh, BALLARD SPAHR, LLP, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sojourner-Douglass College (SDC) appeals from the district court's order granting summary judgment to Middle States Association of Colleges and Schools ("the Commission"). SDC filed a complaint contesting the independent appeals hearing panel ("appeals panel") decision affirming the Commission's decision to withdraw SDC's accreditation. On appeal, SDC argues that the appeals panel violated federal regulations and did not provide due process in declining to consider new financial information based on appeal policy guidelines issued by the Commission. SDC also contends that there was a genuine dispute of material fact regarding whether there was a conflict of interest in the participation of the Commission's past attorney as counsel to the appeals panel and whether this association contributed to the appeals panel's evidentiary decision.

"We review de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *Woollard v. Gallagher*, 712 F.3d 865, 873 (4th Cir. 2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. *See Thompson v. Potomac Elec.*

2

*Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). We will uphold the district court's grant of summary judgment unless we conclude that a reasonable jury could return a verdict for the non-moving party on the evidence presented. *See EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 174-75 (4th Cir. 2009).

In reviewing the decision of an accreditation agency, we consider only whether the agency decision "is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." *Prof'l Massage Training Ctr., Inc. v. Accreditation Alliance of Career Sch. & Colls.*, 781 F.3d 161, 171 (4th Cir. 2015) (internal quotation marks omitted) (quoting *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 712 (6th Cir. 2006)). "Federal courts do not undertake to 're-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment' for that of the agency." *Id.* at 174 (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). "In considering whether the [agency's adverse determination] was supported by substantial evidence, we confine ourselves to the record that was considered by the accrediting agency at the time of the final decision." *Id.* at 174-75.

We have noted that "elementary principles of administrative law call for significant, though not total, deference to decisionmaking by accreditation agencies." *Id.* at 169. "When adjudicating common law due process claims against accreditation agencies, courts should 'focus primarily on whether the accrediting body's internal rules provide[d] a fair and impartial procedure and whether it [followed] its rules in reaching

3

its decision.'" *Id.* at 172 (alterations in original) (quoting *Wilfred Acad. of Hair and Beauty Culture v. S. Ass'n of Colls. & Sch.*, 957 F.2d 210, 214 (5th Cir. 1992)). The emphasis is on "procedural fairness" in the accreditation agency's decision. *Id.*

With these standards in mind, we have reviewed SDC's claims. We thoroughly considered all the materials before this court, and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Sojourner-Douglass Coll. v. Middle States Ass'n of Colls. & Sch.*, No. 1:15-cv-01926-JFM (D. Md. filed Aug. 27 & entered Aug. 28, 2015; May 5, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*